IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **FORFEITURE *IN REM*** |
| v. | ) | |
| | ) | |
| $83,301.00 in U.S. CURRENCY | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by the United States Attorney for the Eastern District of North Carolina, states as follows:

1. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) providing for the forfeiture of property which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1) or a conspiracy to commit such offense, including but not limited to trafficking in contraband cigarettes in violation of 18 U.S.C. § 2342.

2. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). The Court has *in rem* jurisdiction by virtue of 28 U.S.C. § 1355(b). Venue in this district is proper by virtue of 28 U.S.C. § 1395(b).

3. The defendant is $83,301.00.00 in United States currency.

1

4. The defendant was seized in Nash County, North Carolina. Custody of the defendant was transferred by the Nash County Sheriff's Office to the U.S. Immigration Customs and Enforcement, Homeland Security Investigations ("HSI"), and the defendant is currently located in the Seized Asset Deposit Fund Account maintained by the United States Department of Treasury/Homeland Security, within the jurisdiction of this Court.

5. The potential claimants in this action are Mohamed S. Anam and Mohamed S. Aldhahiri.

6. The facts and circumstances supporting the seizure and forfeiture of the defendant are contained in Exhibit A, Declaration of Special Agent Jahaira Torrens of the U.S. Department of Homeland Security (DHS) Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI), which is attached hereto and incorporated herein by reference. Such facts constitute probable cause for the seizure, arrest, and forfeiture of the defendant property and are sufficient to support a reasonable belief that the government will meet its burden of proof at trial that the defendant property should be forfeited.

7. The defendant is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, in accordance with Supplemental Rule G(3)(b)(i), the plaintiff requests that the Clerk issue a warrant of arrest *in rem* for the defendant; that due notice be given to all parties to appear and show cause why the forfeiture should not

be decreed; that judgment be entered declaring the defendant be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 1st day of June, 2022.

MICHAEL F. EASLEY, JR.
United States Attorney


BY: /s/ Matthew L. Fesak
MATTHEW L. FESAK
Assistant United States Attorney
Attorney for Plaintiff
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: Matthew.Fesak@usdoj.gov
NC State Bar No. 35276

3

# VERIFICATION

I, Jahaira Torrens of the U.S. Department of Homeland Security (DHS) Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI), declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, the foregoing Complaint for Forfeiture is based on reports and information by or furnished to me and, to the best of my information and belief , is true and correct.

This the 1st day of June, 2022.

_____
Jahaira Torrens
Special Agent
U.S. Department of Homeland Security (DHS)